Collier *et al. vs.* Sapp.

WILLIAM V. COLLIER *et al.* plaintiffs in error, *vs.* THEOPHILUS SAPP, administrator, defendant in error.

Where a plaintiff sues for the balance due on notes for the purchase money of land, and the jury, under the Relief Act of 1868, render a verdict returning the land to the plaintiff, requiring him to pay to the defendants $3,553 27, upon which a judgment was duly entered, and the defendants, having obtained a *supersedeas*, carried the case to the Supreme Court, but withdrew the writ of error on the calling of the case in that tribunal :

*Held,* That on a bill filed by the plaintiff stating the aforesaid facts, and that the defendants had remained in possession since the rendition of said judgment, receiving large rents and profits ; that the plaintiff had been compelled to pay a large amount as taxes upon the property to prevent its sale ; that the defendants had procured an execution to be issued on said judgment and levied on said land ; that plaintiff was ready to pay the amount required by said judgment after deducting the rents and profits, and taxes expended as aforesaid, it was not error in the Chancellor to enjoin said execution, and to appoint a receiver to take charge of said land until the final hearing of the case.

Injunction.   Receiver.   Before Judge HARRELL.   Muscogee county.   At Chambers.   October 24th, 1872.

For the facts of this case, see the decision.

M. H. BLANDFORD; B. A. THORNTON; PEABODY & BRANNON, for plaintiffs in error.

R. J. MOSES; L. T. DOWNING, for defendant.

WARNER, Chief Justice.

The complainant filed his bill against the defendants, praying for an injunction and the appointment of a receiver. The Court granted the injunction and appointed the receiver, in accordance with the prayer of the complainant's bill; whereupon, the defendants excepted.

The record of this case exhibits an anomalous state of facts. In June, 1860, the complainant's intestate sold to the defendants a plantation containing twelve hundred and five acres, and executed to them a bond to make a title thereto when they should pay certain described notes given for the land. The defendants went into the possession of the land, and have continued in possession thereof, either by themselves or tenants. Suit was instituted against the defendants for the amount due on the notes, when they pleaded thereto the Relief Act of 1868, and upon the trial the jury found the following verdict: "We, the jury, return the land to the plaintiff, and the plaintiff pay the defendants the sum of $3,553 27," on which verdict a judgment was entered by the Court. The defendants then sued out a writ of error to this Court, obtained a *supersedeas* on filing an affidavit of their inability to give security on account of their poverty, then withdrew their writ of error from this Court, whereby the judgment of the Court below was affirmed. The complainant alleges that he has been ready at all times to perform what was required of him by said judgment, and now offers to do so.

The complainant also alleges that he has been compelled to pay the sum of $114 20 for taxes to prevent the land from being sold by the sheriff therefor, and that the defendants have remained in possession of the land by themselves or tenants, and received large sums for the rents and profits thereof,

and have had an execution issued for the amount which complainant was to pay under the before recited verdict and judgment and levied it on said land.   The complainant claims in his bill that the defendants shall account for the rents and profits of the land, and that the same shall be deducted from the principal and interest, which he is required to pay under said verdict and judgment, and also the taxes which he has been compelled to pay on the land, inasmuch, as the defendants are *insolvent.*   Who was bound to pay the taxes on the land was not discussed before us, and we express no opinion in regard to that question.   There were affidavits filed in relation to the value of the rent of the land, which are conflicting as to what the rent was worth.   In view of the peculiar facts of this case, we find no error in the Court below in granting the injunction, and appointing a receiver until the final hearing of the cause on its merits, in order that the respective rights and equities of the parties may be considered and adjudicated.   Under the Constitution and laws of this State the Superior Courts, or the Judges thereof, are clothed with the authority and discretion to grant, or to refuse to grant, injunctions, and it is a mistake to suppose that this Court will interfere to control that discretion, unless some well established rule of law or principle of equity has been violated.

Let the judgment of the Court below be affirmed.