LEONIDAS A. JORDAN, administrator, plaintiff in error, *vs.* GEORGE C. BEAL *et al.*, defendants in error.

When the owner sells land, giving bond for titles and taking notes for the purchase money, which are not paid at maturity, he is not entitled to file a bill to cancel the contract and to recover the land, and in the meantime to have a receiver appointed to take charge of the premises, on the sole ground of the insolvency of the purchaser, it not appearing that the vendee became insolvent after making the contract of purchase.

Equity. Receiver. Vendor and purchaser. Before Judge BARTLETT. Baldwin county. At Chambers. December 20, 1873.

Leonidas A. Jordan, as administrator upon the estate of Benjamin S. Jordan, filed his bill against George C. Beal and Nathan H. Beal, making, in substance, the following case :

On December 1st, 1869, complainant executed to the defendants a bond for titles to a plantation in Baldwin county,

Jordan *vs.* Beal *et al.*

conditioned upon the payment of their two notes, each for $3,500 00, bearing interest from date, and due on April 1st, 1871, and April 1st, 1872, respectively, said notes being for the entire purchase money of the property. Immediate possession was given to the defendants, and they have since enjoyed said property and its profits, of the yearly value of $600. The purchase money was long past due and unpaid except $600 00. The defendants were insolvent, and had no well-founded expectation of ever paying for the property, but were only trying to use and enjoy it as long as possible. The plantation, if sold, would not bring the principal and already accrued interest due on the notes. Complainant was informed that they were committing waste by cutting off the wood and shade trees around the dwelling. He had demanded possession, which had been refused. He had taken out a warrant to dispossess them, to which George C. Beal had filed a counter-affidavit, setting up that he did, in good faith, claim a legal right to the possession of the premises, which affidavit complainant alleged to be untrue.

Prayer for the rescision of the contract, account as to the rents, an injunction against the waste, the appointment of a receiver, and for general relief.

A temporary injunction against the waste and an order to show cause, were granted.

Defendant, George C. Beal, filed an answer, admitting the contract to be as stated in the bill, and that he had only paid the amount there set forth. He set up that he had greatly improved the property; that it was not worth for rent as much as stated in the bill, and had previously been rented for the amount of the taxes upon it. He denied committing any waste, but said he was only clearing some fifteen acres of fresh land, which was beneficial to the place, and had only thinned out the trees around the house, which was also an improvement; he was working hard to pay for the property, but could not expect to do so if it was taken out of his hands and put into the hands of a receiver.

Affidavits of R. G. Harper and C. R. Harper were read.

The first sustained the defendant as to the improvements made by him upon the place, and both of them as to the clearing the fresh lands being beneficial.

The chancellor refused the injunction and the appointment of a receiver, and complainant excepted.

WHITTLE & GUSTIN, for plaintiff in error.

WOOTEN & SIMMONS, for defendants.

TRIPPE, Judge.

All questions were eliminated from the case at the hearing by the answer of defendants and the suppletory affidavits, but one. That question is, can the vendee of lands, who sells and gives a bond for title to an insolvent vendor, one who has no property, and so known to the vendor, on the ground of that insolvency, simply, ask for the appointment of a receiver who shall hold the property until a decree can be had canceling the contract of sale? There was no fraud charged. The charge as to waste, etc., was denied by the answer and by affidavits. No authority was referred to showing that such a remedy exists, and we can see much danger and unlimited trouble that would be given to the courts if the principle contended for were a correct one. The owner of property thus selling it does so with his eyes open. He takes the risk. He reserves the title as security. His lien is higher than any other. A specific remedy is given him by statute: Code, secs. 3684, 3886. No fraud in the contract is practiced upon him. He has simply made an imprudent bargain, or comes to the conclusion he has, as his debtor, the purchaser, does not pay him at the time agreed on, and then asks a court of equity to take the land at once out of the possession of the purchaser and hold it for him until he can have a decree to set aside the whole bargain, and then to give him back his land. If this were the rule, or if a holding were made, as is invoked by complainants, under the facts as they appeared at the hearing before the chancellor, every vendor of land who makes a rash

or imprudent sale would at once seek the remedy, and there would be a harvest of suits for relief from one's own improvidence and error. This would work a greater evil than is the hardship of waiting six months on a suit at law, and a sale as provided by law.

Judgment affirmed.