GRAHAM *vs*. THE FULLER ELECTRICAL COMPANY *et al*.

[Jackson, C. J., not presiding, on account of providential cause.]

1. Where there was direct conflict in the testimony upon almost every material issue made by a bill which prayed for an injunction and receiver, this court cannot say that the court below abused his discretion in appointing a receiver; nor does it appear in this case that his discretion was not prudently and cautiously used.

2. Where property was involved in litigation, and two or more persons were claiming to have the exclusive right to control and operate it, and where it was in doubt whether either of them could legitimately control it to the exclusion of the others, and there were encumbrances on it, and the rights of all parties were threatened and could not be fully protected without the appointment of some person authorized to manage the property, this furnished a proper case for the appointment of a receiver. Code, §§274 and citations, 3149.

3. An interlocutory order appointing a receiver is under the control of the chancellor, and if it operates hardly or disastrously to the interests or rights of any of the parties, the chancellor can modify

it upon proper application. In advance of such an application, this court will not make a suggestion as to the proper course to be pursued.

Judgment affirmed.

January 12, 1886.

HALL, Justice.

[The Fuller Electrical Company filed a bill against John M. Graham, the Augusta Electric Company, J. T. Robinson and the Augusta Electric Light Company. The bill sought to foreclose a mortgage given by Graham to secure a note given for a balance of the purchase money of the mortgaged property, which consisted of a dynamo, lamps, globes, wires, etc., used in the business of electric illumination in the city of Augusta, and to have the title to a certain dynamo used in the business decreed to be in the complainant. It was alleged that to foreclose the mortgage at law would break up the business of electric lighting, for use in which the property was valuable, and that the dynamo belonging to the complainant would be returned in a second-hand condition and of less value than if continued in the business. It was prayed that a receiver be appointed, who should carry on outstanding contracts, or renewals thereof, until final decree; that he sell the "plant" as a whole and pay off the claims of the complainant.

Branch *et al.* were made defendants. Graham claimed the ownership of the property and filed a cross bill, setting up fraud on the part of the agent of the complainant. The Augusta Electric Company claimed to be the owner of the property. Its existence as an organized company was attacked by Graham. Branch *et al.* set up that the property belonged to the Augusta Electric Company; that it was regularly incorporated; and if not, then that they owned one-sixth of the property.

It is unnecessary to set out in detail all the complicated and conflicting contentions of the various parties, involv-

ing the legality of the organization of the two companies, frauds in the sales of the property, failure to record the mortgage in time, etc. What is stated above will show the existence of various and conflicting claims.

On the hearing, the court appointed a receiver to take charge of the property and carry on the business so far as to fulfill existing contracts or renewals thereof. Graham excepted.]