## Roberts v. Mullinder.

94  493<br/>f128  292

According to Hughes v. Clark, 67 Ga. 19, and Howell v. Ellsberry, 79 Ga. 475, the plaintiff in error had no title by reason merely of a parol gift of the land and the making of valuable improvements thereon, which she could assert in a claim case, and it not appearing that

her possession was adverse to the donor for twenty years, but the evidence showing that he was in possession within that period and exercised acts of ownership, such as conveying the land as security for his debt, there was no abuse of discretion in appointing a receiver to secure and preserve the rents and profits of the land pending the claim case, the claimant having interposed her claim upon an affidavit *in forma pauperis* without giving bond and security, and the value of the premises being probably insufficient to produce at sheriff's sale a fund large enough to pay off the judgment founded on the debt to secure which the land was conveyed to the creditor by the defendant in the execution levied thereon to enforce the security deed.     *Judgment affirmed.*

April 16, 1894. Argued at the last term.

Petition for injunction and receiver. Before Judge Butt. Talbot county. November 23, 1893.

February 1, 1887, plaintiff made a loan to J. M. Smith of Meriwether county, and to secure the same took his deed to 235 acres of land in Talbot county. February 22, 1893, plaintiff obtained in Meriwether superior court a general verdict and judgment for $500 principal, $172.40 interest, $67.24 attorney's fees, and costs. April 13, 1893, plaintiff filed for record in the office of the clerk of Talbot superior court a deed conveying the land to Smith; and the same was levied on, two weeks afterwards, by virtue of the execution which issued from the judgment, "as the property of James M. Smith the defendant, and found in possession of defendant." Thereupon Mrs. Roberts interposed her claim to the land, *in forma pauperis.* Smith died in July, 1893, and in the next October the plaintiff brought a petition for injunction, and for a receiver to take charge of and hold the rents and profits of the land; alleging that the claim was interposed not in good faith but for delay, and for the purpose of hindering and delaying the collection of the judgment, and to enable Mrs. Roberts to cultivate, rent and use the land for her own benefit; that she has no legal or equitable interest in the land, and is insolvent; and that the land is poor, badly worn, and not worth over $700, and is decreasing in value, and the improve-

ments on it are not being kept up. It was further alleged that Smith had no interest or ownership in any other property, was insolvent when he died, and there is no administration on his estate. Defendant answered that the allegations that her claim was not filed in good faith but for delay, and that she has no interest in the land, are false; that in 1871 Smith, who was her step-grandfather, gave her the land and placed her in possession of it, and she has so remained ever since, claiming it as her own and making valuable improvements on it, and her possession and claim were open and notorious; that Smith was not in possession of it at the time of the levy; that she is not insolvent, but was forced to interpose her claim *in forma pauperis*, having no one to appeal to to stand her bond but her neighbors who, like herself, were of limited means; that the land is worth $2,000, and she has placed on it improvements which are in good and reasonable repair, and she denies that it is not kept up. She further alleges, that the superior court of Meriwether county had no jurisdiction to render a judgment establishing and fixing a lien upon land in Talbot county; and that she is informed that plaintiff obtained judgment by default, and that if any motion was ever made to set it aside and render a different judgment, neither Smith nor his counsel ever had notice of it. At the hearing there was evidence by affidavits, etc., in support of the petition and answer. The judge ordered that the defendant within ten days give a bond for $1,500 payable to the plaintiff, conditioned to pay such damages as the jury on the trial of the claim case should assess; and in default thereof, that a receiver be appointed and injunction be granted as prayed. Defendant excepted.

THORNTON & McMICHAEL, for plaintiff in error.

H. W. HILL and J. J. BULL, by CALHOUN, KING & SPALDING, *contra*.