## ATLAS SAVINGS & LOAN ASSO. *v.* KIRKLIN *et al.*

1. One in whose favor it has been finally adjudged that as against an insolvent person the former has the title and the right to the possession of given realty, but who is under an injunction, sued out at the instance of others, preventing him from taking possession, is entitled to have a receiver appointed to collect and hold rents which such insolvent is seeking by judicial process to collect from the tenants to whom he had undertaken to rent the premises.
2. The above is true although the insolvent person may have obtained against his tenant a judgment for the rent, which was conclusive upon the latter.

Argued March 16, — Decided April 10, 1900.

Petition for injunction, etc. Before Judge Fite. Catoosa county. January 6, 1900.

*Payne & Payne,* for plaintiff.
*R. J. & J. McCamy,* for defendants.

SIMMONS, C. J. The Atlas Savings and Loan Association brought a suit in ejectment against ·Kirklin. On the trial of the case a judgment was rendered for the plaintiff, and a writ of possession was ordered issued. Kirklin filed a motion for a new trial, and it was overruled. The case was brought to this court, and the judgment of the lower court affirmed. 107 *Ga.* 313. Subsequently to the judgment in the superior court, Kirklin rented a portion of the premises to Hembree and Davis for a certain portion of the crops they should raise. When the wheat matured, Kirklin sued out a distress warrant against Hembree for a portion of it as rent. Hembree filed a counter-affidavit and gave bond for the eventual condemnation-money. On the trial of the issue, judgment was given against Hembree. The Atlas Savings & Loan Association then filed its equitable petition against Kirklin, Hembree, and Davis, setting out the above facts, and in addition thereto that Kirklin was "hopelessly insolvent," that he threatened to distrain the other part of the crop when it matured, and that the association was enjoined from taking possession of the land by the courts of Tennessee on the petition of parties residing in that State. The association prayed for an injunction and a receiver, that Kirklin be restrained from collecting the judgment against Hembree or any other rent on the land, and to restrain Hembree and Davis from paying the rents of the land to Kirklin. At the hearing the court denied the prayers, and the plaintiff excepted and brought the case here. We think the facts above set forth make a case for equitable relief, and that the court erred in refusing to grant the injunction and appoint the receiver to take charge of the rents of the premises. If Kirklin is allowed to collect the rents, the owner will of course lose them, for Kirklin is insolvent. It has been adjudicated by this court that the title and right to the land is in the plaintiff association as against Kirklin. It was entitled to the rents and profits. The petition has at least the features of an equitable garnishment. Let the receiver be appointed to take charge of the rents until the final termination of the litigation in Tennessee. See *Collier* v. *Sapp,* 49 *Ga.* 93; *Tufts* v. *Little,* 56 *Ga.* 139; *Millbank* v. *Penniman,* 73 *Ga.* 136.

The defense made by Kirklin and relied on here was, that there was a good and valid judgment on the distress warrant which showed that the rent belonged to Kirklin; and that the judgment bound not only Hembree but also the Atlas Savings and Loan Association, as the latter had been surety on the bond given by the former for the eventual condemnation-money. The plaintiff in error contended that the judgment was void, for the reason that it was rendered by a justice of the peace without a jury, and that the issue made by a counter-affidavit to a distress warrant can not be so tried. The view we take of the case renders it unnecessary to decide this question. Even if the judgment was valid, the amount in the hands of the defendant in the distress warrant should be held up until the termination of the litigation in Tennessee. The judgment of the justice, if valid, decided only the question of the right of Kirklin to the rents as against Hembree, and had no relation to the question as to whether the rents should ultimately go to the association. As before remarked, it would be a clear loss to the owner of the land to have the rents paid over to Kirklin, who is insolvent. *Judgment reversed. All the Justices concurring.*