## STEELE v. GRAVES.

GILBERT, J. Under the pleadings and the evidence the court did not err in appointing a receiver to take possession of the property and to lease or rent the same pending final termination of the cause, and providing that the judgment might be superseded upon the giving of bond.                    *Judgment affirmed. All the Justices concur.*

No. 3739. OCTOBER 12, 1923.

Receivership, etc.   Before Judge Irwin.   Polk superior court. April 9, 1923.

Graves filed a petition against J. W. Steele and his wife, Minnie L. Steele, seeking to recover possession of two described lots of land containing eighty acres, more or less.   The petition alleges, in substance, that the land was conveyed by one Waddell to J. W. Steele by deed dated Oct. 9, 1919, recorded Dec. 2, 1919; that Graves held a promissory note for $2000 loaned to Steele, secured by a deed conveying the above-mentioned land, both dated Dec. 1, 1919, the deed having been recorded Dec. 3, 1919; that interest amounting to $160, due Dec. 1, 1922, was not paid by Steele; that Graves thereupon exercised the option to declare the whole debt due, and, after full compliance with the terms of the deed and the law, the power of sale contained in the deed was exercised; that at the sale held on the first Tuesday in February, 1923, petitioner bought the land for $1250; that on Feb. 8, 1923, he went to the property for the purpose of taking possession; that he found Mrs. Minnie L. Steele in possession, and she refused to surrender possession to petitioner, "claiming that she had paid for the land and that it was hers and not her husband's."   The petition also alleges that examination of the records disclosed a deed made by J. W. Steele, dated Jan. 24, 1921, recorded on the same date, conveying the land to Minnie L. Steele upon consideration of $1000; that the execution of this deed and the claim to possession and ownership by Mrs. Steele is a fraudulent scheme between defendants to defeat the collection by petitioner of the amount due him and to prevent him from taking possession of the land bought by him; that J. W. Steele has been adjudicated a bankrupt; that both defendants are insolvent; that the rental value of the land is $250 per annum; that defendants have conspired to keep petitioner out of possession; that the cause, in the ordinary course, cannot be terminated before the February, 1924, term of court; that unless he

has equitable relief, the defendants will enjoy the rents, issues, and profits for the years 1923 and 1924; that any judgment which he might procure for mesne profits could not be collected, because of the insolvency of defendants; that in order to protect him against loss it is necessary that the status be preserved by the appointment of a receiver to take possession of the land and collect the rents and profits until the claim of Mrs. Steele can be determined. The prayers are, that petitioner have a decree placing the title to the property in him and entitling him to the rents, issues, and profits; for writ of possession; general relief, and process. Mrs. Steele filed an answer setting up " that she furnished of her own funds the entire purchase-money paid to Waddell for said lands, and that it was understood between her husband and herself at the time that she, having furnished the money, that the property was to be hers, and she expected the title thereto to be taken to her, and did not know but what the deed was made to her until long thereafter, and about the time that the said J. W. Steele made the deed referred to in . . plaintiff's petition back to this defendant, she believing all the time from the time her money was paid until along about January 1, 1921, that the deed had been made to her; and as soon as she found that it had been made to her husband by Waddell, she called upon him and demanded that he convey said property to this defendant for the purpose of putting the title in her as it was agreed it should be done at the time of said purchase, and that in taking the title to said property she only took what she had bought and paid for and to what she was justly entitled, and the defendant, J. W. Steele, in conveying said property to her, did no more than what this court of equity would have required him to have done had she filed a petition to compel him to do so." She denied all other material averments of the petition, and prayed that the relief sought be denied.

The court, after hearing evidence, appointed a receiver " to take possession of said premises and. make the best lease or rent contract possible for the present year and for succeeding years, should this cause be still pending; and to hold in his possession any rents, issues, or profits from said lands pending the final termination of this cause." But it was further provided in the order that either or both defendants might tender to the receiver, within twelve days, a solvent bond conditioned to pay the plaintiff all sums re-

covered by him as mesne profits, and retain possession of the premises. Error is assigned upon this judgment, because: (1) it is contrary to law and the evidence, and without evidence to support it; (2) "this being a suit in ejectment to recover the lands in controversy and the plaintiff showing the defendant in possession at and before the bringing of the suit, the court is without authority to enter any order or judgment ejecting the defendant from the premises sued for until after verdict and final decree in said case, and the effect of the judgment rendered by the court is the same as a writ of possession ejecting the defendants from the premises before final judgment, and that the mere insolvency of the defendants or either of them is no reason for their ejectment from the premises in dispute until final verdict and decree against them;" (3) "the court had no right to appoint a receiver and no right to instruct the receiver to oust these defendants from the premises and to take possession thereof, and no right to require of these defendants a bond conditioned to pay mesne profits as required in the order of the court."

*M. B. Eubanks,* for plaintiff in error.

*Bunn & Trawick,* contra.