## ROBINSON *et al. v.* VICKERS.

HILL, J. Under the pleadings and evidence in this case the court did not err in appointing a receiver to take charge of the crops and land as directed in the order of appointment. See *Roberts* v. *Mullinder,* 94 *Ga.* 493, 494 (20 S. E. 350); *Steele* v. *Graves,* 156 *Ga.* 650 (119 S. E. 690).

The case of *Tumlin* v. *Vanhorn*, 77 *Ga.* 315 (4) (3 S. E. 264), is distinguishable from the case at bar.

*Judgment affirmed.   All the Justices concur, except Russell, C. J., dissenting.*

No. 4804.   September 16, 1925.

Receivership, etc.   Before Judge Camp.   Johnson superior court. February 7, 1925.

Thomas E. Vickers filed his equitable petition against Newton Robinson and others, praying for injunction, receiver, etc.   The petition was filed on August 26, 1924, and on the same date the trial judge appointed a temporary receiver and granted a temporary restraining order.   The defendants filed an answer in the nature of a cross-petition praying that a judgment and decree be awarded against the plaintiff for the excess amount due them over and above what they have paid to the plaintiff, to wit, the sum of $9,657.18, and also a judgment in the sum of $5,000 for punitive and vindictive damages against the plaintiff.   On November 24, 1924, the plaintiff filed an amendment to his original petition, praying that the court appoint a receiver to take charge of the lands referred to in the petition, and that the title to all crops be decreed in the plaintiff.   The defendants filed a demurrer to the petition.   On February 7, 1925, the original and amended petition and the answer to the petition, all being verified, were introduced in evidence at the hearing on the question of the appointment of a receiver.   J. C. Cave, N. F. Bray, and N. Whittaker, as witnesses for Thomas E. Vickers, testified by affidavit as follows: "That they knew the defendants.   That they were thoroughly familiar with the land in controversy, and its worth and value.   That said tract of land was not worth more than a maximum price of $4,000, one half the purchase-price as set out in the pleadings in said case. That each of the defendants were insolvent; that said tract of land and whatever property said defendants are in possession of is not worth the $8,000, the purchase-price of said land."   After hearing the petition and answers as evidence, and the evidence as stated in the affidavits, the court granted the prayer of the petition and appointed a receiver, in the following order:   "The foregoing petition for receivership coming on regularly to be heard at the interlocutory hearing, it is ordered that W. C. Brinson be and he is hereby appointed as permanent receiver for the lands described in plaintiff's petition, together with such personalty as he is in pos-

session of as temporary receiver in said case. It is further ordered that all personalty that is hereinbefore set aside as a year's support to the widow of Newton Robinson, deceased, by the ordinary of Johnson County, Georgia, as belonging to said estate, is hereby expressly excluded from the property herein or heretofore taken possession of by said receiver. It is further ordered that said receiver rent out the lands described, for the best rent obtainable, giving the right to the defendants in said case the privilege of renting said lands, or any parts thereof, first of equal basis with any other persons, that is, that said defendants shall have the right to rent said lands, or any part thereof for the highest rent offered by any other person, and that the plaintiff shall have equal rights to rent same, as enumerated in behalf of the defendants, all such rent contracts to be subject to the approval of the court. It is further ordered by the court that the receiver, before entering upon his duties as receiver in said case, shall give a good and solvent bond payable to the clerk of the superior court of Johnson County, in the sum of $1,000 and to be approved by him, conditioned upon the faithful performance of his duties as said receiver. It is further ordered by the court that the said receiver make to the court a quarterly report showing the condition of the farm and as to how same is being cultivated, and general particulars pertaining to its operation, and also such other facts as may be necessary in the receiver's judgment to acquaint the court with." To this order and judgment the defendants excepted on the ground that the judgment is contrary to the evidence, is without evidence to support it, is contrary to law, equity, and good conscience.

Other branches of this case have been before this court on two former occasions. The first time the case was before the court the question was presented as to whether the plaintiffs in error bought the land in controversy, or whether they rented the same, and this court held that the contract was one of sale. *Vickers* v. *Robinson,* 157 *Ga.* 732 (122 S. E. 405). The above decision was rendered on March 1, 1924. On August 26, 1924, the petition of Vickers, asking for the appointment of a receiver to take charge of the crops raised on the land in controversy, was filed. At the September term, 1924, of Johnson superior court, upon a petition filed by Vickers, the court allowed the decree that was taken in the case of *Vickers* v. *Robinson,* supra, to be amended. To this judg-

ment the plaintiffs in error excepted and brought the case to this court, and the judgment of the lower court was affirmed. *Robinson v. Vickers,* 160 *Ga.* 362 (127 S. E. 849). After the bill of exceptions was filed in the last-mentioned case the defendant in error, Vickers, filed in the superior court of Johnson County a supplemental or amended petition to the original petition, praying that a permanent receiver be appointed to take charge of all crops grown on the lands in controversy, and also to take charge of the land; and a permanent receiver was appointed as prayed.

*E. L. Stephens,* for plaintiffs in error.

*A. L. Hatcher* and *E. W. Jordan,* contra.

RUSSELL, C. J., dissenting. My view of this case is altogether different from that of my distinguished colleagues. For two reasons I can not concur in the opinion and judgment of the majority. First: Because of my continued adherence to the views expressed in *Robinson* v. *Vickers,* 160 *Ga.* 362 (127 S. E. 849). Second: I think the law of this case is absolutely controlled by the decision of this court in *Tumlin* v. *Vanhorn,* 77 *Ga.* 315 (supra), as well as the prior decision in *Jordan* v. *Beal,* 51 *Ga.* 602. At the time that the lower court passed upon the receivership which this court is now reviewing, the case was pending before the Supreme Court, and, in my opinion, the lower court was without jurisdiction to pass the order of which complaint is made. "The general rule is that a supersedeas suspends all further proceedings in the suit in which the judgment superseded is rendered, such as are based upon and relate to the carrying into effect of that judgment. Under the general rule the supersedeas deprives the trial court rendering the judgment of jurisdiction to take further proceeding towards its enforcement. 3 C. J. 1315, §§ 1446-1457; Ib. 1448; *Huson* v. *Martin,* 42 *Ga.* 85; *Western & Atlantic R. Co.* v. *State,* 69 *Ga.* 525; 533; *Howard* v. *Lowell Machine Co.,* 75 *Ga.* 325 (1 *a*)." *Barnett* v. *Strain,* 153 *Ga.* 43 (111 S. E. 574).