## MARTIN *v.* CITIZENS BANK *et al.*

Per Curiam. 1. A joint promissory note containing a provision that the makers jointly and severally transfer, sell, assign, and convey to the payee of the note a sufficient amount of his or their homestead exemptions to pay the note in full, and that in the event these exemptions are obtained or granted to either of the makers in the bankruptcy court, then they request and direct the trustee to deliver to such payee a sufficient amount of the property or money claimed as exempt to pay off the amount due thereon, conveys the title to the property of the bankrupt afterwards set aside to him as a homestead exemption. *Saul* v. *Bowers,* 155 *Ga.* 450 (117 S. E. 86); *Comer Bank* v. *Meador-Cauthorn Co.,* 160 *Ga.* 719 (128 S. E. 785).

2. Trustees in bankruptcy shall "set apart the bankrupt's exemption and report the items and estimated value thereof to the court as soon as practicable after their appointment." U. S. C. A. title 11, § 75. When a trustee has been appointed and qualified, the referee has no authority to set apart the bankrupt's exemption. In re Peabody, Fed. Cas. 10866. It is contemplated by the above section of the bankruptcy act and by general order 17 that the trustee shall set apart the exemption and make the report of his actions; and that thereafter the creditors may file exceptions to such report. Such is undoubtedly the regular and orderly method of setting aside homestead exemptions to bankrupts. In re W. C. Allen & Co., 134 Fed. 620, 622. "But a court of bankruptcy is a court of equity, seeking to administer the law according to its spirit, and not merely by its letter." Cain's Case, 127 Fed. 552, 553. In setting apart the property claimed by a bankrupt as exempt, after its appraisal, the trustee acts ministerially. In re Campbell, 124 Fed. 417. But where there is no trustee appointed, and the referee passes an order setting aside the exemption claimed by the bankrupt, such order is not void because the exemption was not set aside by the trustee. In favor of the judgment of the referee it will be presumed that that officer had the property set aside duly appraised.

3. The title to the property set aside as an exemption to the bankrupt having passed to the payee of the note by reason of the above provision therein, the wife could not have the property so assigned to her bankrupt husband as an exemption set apart as a year's support. *Scruggs* v. *Morel*, 22 *Ga. App.* 93 (95 S. E. 316).

4. Where a receiver had been appointed to take charge of property in litigation, and the court thereafter directed the party in possession of the property to deliver the same to the receiver, said order of the court was not erroneous for the reasons that it was contrary to law and evidence, and that the court was without authority at an interlocutory hearing to pass an order requiring a party, who was a bona fide claimant in possession of the property in dispute, to deliver the same to the receiver before the question of title to same had been duly determined and adjudicated. Civil Code (1910), § 5475.

5. Applying the above principles, the court did not err in the judgment rendered in this case.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Hill, J., who dissent.*

No. 7063. FEBRUARY 22, 1930.

*Wheeler & Kenyon,* for plaintiff in error.

*Jones & Reid* and *R. W. Smith Jr.,* contra.

RUSSELL, C. J., dissenting. We have in this case the widow of T. D. Martin, living at her home which her husband in his lifetime had conveyed by security deed to the Federal Land Bank. After his death the property was duly set apart to Mrs. Martin as

a year's support, subject to the debt to the Federal Land Bank. This could lawfully be done. In *Whalley* v. *Watters*, 136 *Ga.* 701, 703 (71 S. E. 1103), Presiding Justice Evans, delivering the opinion for the court, said: "The statute declares that the appraisers shall assign a year's support 'either in property or money' from the estate of the decedent. Civil Code (1910), § 4041. A year's support may be set apart in a bond for title. *Winn* v. *Lunsford*, 130 *Ga.* 436 (61 S. E. 9). The appraisers set apart the land, subject to a loan deed. It does not appear who was the creditor secured by the loan deed; the plaintiff in error was not that creditor. The year's-support judgment took effect upon all the interest which the decedent had in the property after the satisfaction of the loan deed. That interest was an equitable estate; but an equitable estate is property, and a widow is not to be denied a year's support solely because her late husband's estate was equitable in character. . . There is no antagonism between the year's support and the creditor who is secured by the loan deed. If the decedent's equity is property subject to be applied to the payment of the unsecured debts of the decedent, certainly it is property which may be assigned to his widow and minor children as a year's support." The bankruptcy of the decedent was no bar to the year's support. The title of the bankrupt cast on a trustee by bankruptcy law is not an absolute one, but for distribution to pay debts, the priority of which is generally determined by the law of the State; and an adjudication in bankruptcy does not deprive the widow of her right to a year's support under the provisions of section 4041 of the Code. This point was expressly decided In Re Dicks, 198 Fed. 293. Dicks was adjudicated a bankrupt. He died after his trustee had been elected and qualified, but before the property of his estate had been sold. His widow made application to the ordinary of Richmond County to have a year's support set aside under the provisions of section 4041, supra. The appraisers set aside the sum of $2500 to be paid out of the money or property in the hands of the trustee in bankruptcy. Application was made to the referee for an order directing the trustee to pay this sum to the widow. The trustee resisted the application. The referee sustained the contentions of the trustee, and by a petition for review the application was taken before the district judge. The court, after quoting section 4041 of the Code of 1910, said:

"The 'ordinary' in this State is the probate court. Section 8 of. the bankruptcy act provides: 'The death or insanity of a bankrupt shall not abate the proceedings, but the same shall be conducted and concluded in the same manner, so far as possible, as though he had not died or became insane: provided, that in case of death the widow and children shall be entitled to all rights of dower and allowance fixed by the laws of the State of the bankrupt's residence.' We hold that the year's support of the family immediately succeeding the death of its head is an 'allowance' of this character. It is an allowance singularly promotive of a benevolent public policy. To no period of the life of the family could the State more wisely and justly direct and apply its fostering care; in no other is the distress so poignant, or the extremity so great. . . The statute of Georgia . . declares the year's support to be 'among the necessary expenses of administration, and to be preferred before all other debts,' and declares that for the widow and children, or children only, the ordinary, through appraisers, shall set apart, 'either in property or money, a sufficiency from the estate for their support and maintenance, for the space of twelve months from the date of administration.' Here it is true the deceased did not die actually seised and possessed of the values set apart for the year's support. A statutory, but not an unqualified, title to this had vested in the trustee. But can it be denied that the bankrupt living, or his family when dead, had an 'estate' in the assets? While he lived, he had the right to an exemption, he had the right to propose a composition with his creditors, which the court might have ratified, and directed the trustee to reconvey the assets to him. . . To briefly restate our views of this question, the title of the debtor cast upon the trustee by the bankruptcy law is for distribution to pay the debts. It is not an absolute title. The rank and priority of the debts are almost without exception determined by the law of the State. By the law of Georgia the year's support is to be 'preferred before all other debts,' with certain exceptions not material here, and the year's support must be set apart either in property or money from the estate of the deceased. The year's support is then an inchoate lien, with few exceptions, superior to the claims of creditors." And so in this case, the assignment of the exemption by the bankrupt, being merely the assignment of an ex-

pectancy, to one of the creditors of the bankrupt to secure a debt which itself is inferior to the widow's claim of a year's support under the provisions of section 4041, falls with the debt which it was designed to secure, because the debt itself is inferior to the inchoate lien provided by law for the support of the widow for twelve months. As said by Mr. Collier in his treatise on Bankruptcy (8th ed.), 195, in discussing section 8 of the bankruptcy act quoted above: "The proviso protects all the rights, dower and otherwise, granted to the widow and children under State statutes. The clause is a new enactment, but it does not change existing law. The doctrine rests on the principle that the trustee's title is charged with the same liens and burdens, whether actual or inchoate, as was the bankrupt's. It is not material that the husband died after the vesting of the title in the trustee." The bankrupt is not disseised till the land is gone out of the estate. The estate of the bankrupt went to the trustee for sale and disposition of the proceeds so far as creditors are concerned, but not for inheritance or for distribution of the real estate itself. In re Slack, 111 Fed. 523.

For another reason the judgment of the court to which exception is taken is erroneous. A defendant claiming title can not be ousted by injunction. *Burns* v. *Hale,* 162 *Ga.* 336 (133 S. E. 857). One in possession of real estate can not be ousted by a writ of possession ordered by the trial judge, in favor of another not in possession, at an interlocutory hearing for injunction. *Hopkins* v. *Vance,* 153 *Ga.* 754 (113 S. E. 157). An injunction dispossessing one party and admitting another to possession is equivalent to a mandatory injunction. Injunction is not available for the purpose of accomplishing an eviction or to prevent interference with realty by one already in possession. *Beck* v. *Kah,* 163 *Ga.* 365 (136 S. E. 160), and cit. I am authorized to say that Mr. Justice Hill concurs in this dissent upon the ground last stated.