### BRASWELL *et al. v.* PALMER *et al.*

No. 13348.   NOVEMBER 29, 1940.

*Roberts & Roberts,* for plaintiffs in error.

*A. M. Kelly* and *J. C. Knox,* contra.

REID, Chief Justice. ■ Headnotes 1 to 3 deal with attacks made on the plaintiff's deed under which he claimed title. We do not find it necessary to elaborate them.

■ Exception is taken to the interlocutory injunction, on the ground that it is essentially mandatory. Our Code, § 55-110 provides that "An injunction may only restrain; it may not compel a party to perform an act." In *Goodrich* v. *Georgia Railroad &c. Co.,* 115 *Ga.* 340, 344 (41 S. E. 659), the court in construing this section said: "Under our Code injunction can be used only to restrain. It does not necessarily follow, however, because injunction can be used only for this purpose, that it can not be used when the effect of yielding obedience thereto would incidentally require the performance of some act, if the main purpose of the injunction is to restrain the doing of some wrongful act. It seems to us that the true meaning of the section above quoted is, that the court can not issue a purely mandatory order, but that the court can grant an injunction the essential nature of which is to restrain, although in yielding obedience to the restraint the defendant may be incidentally required to perform some act." While this construction militates against the literal universality of the words of the Code section, it was pointed out in the *Goodrich* case that in cases involving disputes as to the right to possession of land an injunction

the effect of which would be to put the defendant out of and the plaintiff in possession would be mandatory, citing *Russell* v. *Mohr-Weil Lumber Co.*, 102 *Ga.* 563 (29 S. E. 271) ; *Vaughn* v. *Yawn,* 103 *Ga.* 557 (29 S. E. 759) ; *Paschal* v. *Tillman,* 105 *Ga.* 494 (30 S. E. 870). To the same effect see *Beacham* v. *Wrightsville & Tennille R. Co.*, 125 *Ga.* 362, 367 (54 S. E. 157) ; *Glover* v. *Newsome,* 134 *Ga.* 375 (67 S. E. 935) ; *Beck* v. *Kah,* 163 *Ga.* 365, 370 (136 S. E. 160) ; *Bond* v. *Harrison,* 176 *Ga.* 568 (168 S. E. 604) ; *Smith* v. *Wood,* 186 *Ga.* 214 (197 S. E. 246). The decision in *McKenzie* v. *Minis,* 132 *Ga.* 323 (63 S. E. 900, 23 L. R. A. (N. S.) 1003, 16 Ann. Cas. 723), is not to the contrary in principle, because the defendant there was in possession as a mere caretaker, and his possession was held to be the plaintiff's possession.

Of course the possession referred to in the cases just cited means possession by occupancy, and does not refer to acts which injure the property or the use of it or intrude upon another's physical occupancy, but do not go to the extent of physical occupancy. See *Florida Yellow Pine Lumber Co.* v. *Flint River &c. Co.*, 140 *Ga.* 321 (78 S. E. 900). In the present case the evidence on the interlocutory hearing indicated that before and at the time the petition for injunction was filed the defendant Braswell was living on the land, and had through his tenants (the defendants, Roy and Claud Camp) begun to cultivate and terrace it; that Braswell had assumed dominion over the property as against the plaintiff, and had refused to allow lessees of the property from plaintiff to enter on the land. In these circumstances we think that the court erred in granting an interlocutory injunction the effect of which by its general terms as well as its express language restrained the defendants "from remaining on said premises and from keeping his [their] goods on said premises until further order of the court." The plaintiff is not without remedy in cases in which an insolvent defendant under an invalid claim of title gets into possession of the property and establishes an occupancy; for under the Code, § 55-301, when any property is in dispute and the rights of one or both parties can not otherwise be fully protected, the court may appoint a receiver to hold the property pending the final decision of the case. In such cases, the defendant, though a bona fide claimant, may be compelled to deliver the property into the possession of the receiver, pending the final adjudication of his rights. *Martin* v.

*Citizens Bank,* 170 *Ga.* 180 (152 S. E. 234); *Graham* v. *Fuller Electric Co.,* 75 *Ga.* 878; *Robinson* v. *Vickers,* 161 *Ga.* 52 (129 S. E. 63); *Roberts* v. *Mullinder,* 94 *Ga.* 493 (20 S. E. 350); *Steele* v. *Graves,* 156 *Ga.* 650 (119 S. E. 690); *Atlas Savings Loan Asso.* v. *Kirklin,* 110 *Ga.* 572 (35 S. E. 772).

*Judgment reversed. All the Justices concur.*