### FISHER *v.* GEORGIA VITRIFIED BRICK AND CLAY COMPANY *et al.*

Where a petition for injunction sought to prevent the performance of a contract by the terms of which the defendant obligated itself to pave a street for a municipal corporation and to give a bond to keep the pavement in good repair for ten years, the ground upon which an injunction was sought

being that the contract was ultra vires and void, and there was evidence warranting a finding that the work of laying the pavement had been practically completed, and that the circumstances which would give rise to the necessity for enforcing the provisions of the bond were only remotely contingent, it was not error to refuse to grant an injunction.

Argued December 19, 1904.— Decided January 26, 1905.

Petition for injunction. Before Judge Hammond. Richmond superior court. November 19, 1904.

*William H. Fleming*, for plaintiff.

*E. H. Callaway* and *C. Henry Cohen*, for defendants.

CANDLER, J. On June 23, 1904, the Georgia Vitrified Brick and Clay Company (which for brevity will be called the brick company) executed a contract with the City of Augusta to do certain paving for the city and to do other specified work incidental to the paving. Prior thereto, Fisher, a stockholder and director of the brick company, had sought to enjoin the execution of the contract, on the ground that it was ultra vires; but an injunction was refused, and when the case was brought to this court the writ of error was dismissed. Immediately after the contract was executed, the brick company began the work prescribed therein, and there was evidence that on October 21, 1904, the date when the present suit was filed, it had practically completed the paving and the other incidental work. By the terms of the contract the brick company was required to keep the pavement in good condition and repair for ten years; to hold the city harmless from all claims for damages arising in connection with the work; to pay a forfeit of $100 per day for each day that the contract might remain unfulfilled after the expiration of the time limit therein provided; and to give a bond in forty-five per cent. of the amount of the contract, conditioned upon the faithful performance of the contract, and an additional bond to maintain the pavement in good condition for ten years and leave it in such condition at the end of that time. Fisher, having failed in his effort to enjoin the execution of the contract, instituted the present action to enjoin its performance. As before stated, when the suit was filed the work of laying the pavement had been practically completed, the only dispute in the evidence on this subject being as to how long would be required to consummate certain details necessary before the work could be turned over to the city.

Nearly $60,000 had been paid to the brick company on the contract, and there remained due a balance of only about $7,000. The prayers of the petition were, (1) that the brick company be enjoined from further performance of the contract or any part thereof; (2) that the contract be canceled as ultra vires and void; (3) that the brick company and the city be required to settle and adjust their equitable rights growing out of the part performance of the contract, and the brick company thereafter released from any obligation arising thereunder; and (4) for general relief.

In the view that we take of this case it is not necessary to go into the question most urgently stressed by the learned counsel for the plaintiff in error, viz., the authority of the brick company, under its charter, to make the contract with the City of Augusta, the performance of which it is now sought to enjoin. Equity will not do a vain thing, and of course will not attempt to enjoin a thing that has already been done. The authorities for this proposition are too numerous to need citation. The evidence on the trial in the court below as to the exact status of the work undertaken by the brick company was somewhat in conflict; but the judge was authorized to find that the paving had been completed, and that the only thing remaining to be done before turning the work over to the city was to clear away the debris from the street, and a day's labor on a specified portion thereof. If this be true, the mischief, if any, has already been done; and the only thing left for the court to enjoin is the compliance with the condition of the bond given by the brick company to keep the street in repair for ten years — a condition which at most is merely contingent. In the course of ten years the street may or may not need repairing. There was evidence for the plaintiff, to the effect that the paving was defective in certain particulars which would materially shorten the duration of its usefulness, and that there would "necessarily be considerable risk in guaranteeing that the pavement shall be in good repair and have an unbroken surface at the end of ten years." On the other hand, the president of the brick company testified that the brick used in the pavement were of the best quality known; that the work of laying the pavement was properly done; that "if the brick furnished by deponent's said company are of any value for paving material, there will never be any liability or expense incurred for

the maintenance of said paving during the ten years covered by said bond; that the only liability that can come upon said brick company as covered by said bond will necessarily be from the inherent defects and shortcomings of the brick furnished and used in constructing said pavement; and "that said bond does not amount to anything more than a guaranty of the quality of said bricks for street paving." In any view of the evidence, the bond has already been made, and the only thing that can now be enjoined is the performance of its condition.' The circumstances which will give rise to a necessity for such performance are, even according to the evidence for the plaintiff, only possible — not threatened, or even definitely probable. Here, again, equity will not interfere. The injury sought to be prevented must be more than speculative or contingent — it must be threatened. *Rounsaville* v. *Kohlheim*, 68 *Ga.* 668; *Mayor* v. *Mitchell*, 74 *Ga.* 377; *Bacon* v. *Walker*, 77 *Ga.* 338. This is a well-settled principle of equity jurisprudence; and its application to the case at bar, in our opinion, settles adversely to the plaintiff in error his right to the relief sought.

*Judgment affirmed. All the Justices concur, except Lamar, J., disqualified.*