## SWEETMAN *v.* OWENS *et al.*

ATKINSON, J. Proprietors of land instituted an action against cotermi-
nous upper proprietors. The petition alleged that "a large ditch
or slough, which is a natural drain from two to three hundred acres of
land, flows from and across the defendant's land; thence across . .
the land of" petitioners. The defendant constructed a described rock wall
on his own land across the drainway, whereby "the natural flow would
obstruct it, causing it to be backed upon the defendant's land," and
forced "through and over" the wall upon petitioners' land in a way
and manner different from which the water would naturally flow, there-
by causing a described damage to the land. The prayers were: (*a*) for
damages for a stated amount; (*b*) that defendant be permanently en-
joined and restrained from forcing, by said wall or any obstruction
whatever, the water upon the plaintiffs' lands in a way and manner
contrary to those provided by nature; (*c*) for process and general re-
lief. There was evidence tending to support the material allegations
of the petition; and the jury returned the following verdict: "We,
the jury, find in favor of plff. for $15.00 dollars damages, and in favor
of injunction." Error is assigned upon a judgment refusing a new
trial. *Held:*

1. When the verdict is construed in the light of the allegations of the pe-
tition, it is a finding in favor of injunction to prevent the defendant
from forcing water to accumulate on his land and to pass over the land
of the plaintiffs in a way contrary to its natural flow. An injunction
of that character is not unlawful on the ground that it is mandatory
as compelling the defendant to do the affirmative act of pulling down
his wall. *Goodrich* v. *Georgia Railroad Co.,* 115 *Ga.* 340 (41 S. E.
659) ; *City of Atlanta* v. *Warnock,* 91 *Ga.* 210 (18 S. E. 135, 23 L. R.
A. 301, 44 Am. St. R. 17) ; *Oostanaula Mining Co.* v. *Miller,* 145 *Ga.*
90 (88 S. E. 562).

(*a*) Under the principle of the cases just cited, the verdict finding for
injunction was authorized by the evidence.

(*b*) Special damages flowing to the plaintiffs on account of the diversion
of water were also recoverable. *Georgia R. &c. Co.* v. *Bohler,* 98 *Ga.*
184 (26 S. E. 739).

2. An error in a decree or judgment can not be made a ground of ex-
ception to the overruling of a motion for new trial. *Bond* v. *Sullivan,*
133 *Ga.* 160 (65 S. E. 376, 134 Am. St. R. 199) ; *Crow* v. *Crow,* 134
*Ga.* 10 (67 S. E. 400, 28 L. R. A. (N. S.) 353, 19 Ann. Cas. 932). Ac-

cordingly no ruling will be made on the assignment of error based on the ground of the motion for new trial which complains of the form of the decree.

3. The remaining grounds of the motion for new trial, when considered in the light of the pleadings, the evidence, and the charge of the court in its entirety, show no cause for reversal.

*Judgment affirmed. All the Justices concur.*

No. 252. December 13, 1917.

Equitable petition. Before Judge Tarver. Bartow superior court. February 17, 1917.

*Neel & Neel,* for plaintiff in error. *C. C. Pittman,* contra.