## LANKFORD v. SIMMS.

DUCKWORTH, Chief Justice. 1. "Where the main purpose of the injunction is not to require affirmative action, such as the opening of a hole in a wall, or the like, but to restrain diversion of the water from the natural channel in which it formerly flowed, and causing it to overflow and to collect on the property of another, the injunction is not a mandatory one." *Spencer* v. *Tumlin,* 155 *Ga.* 341, 343 (116 S. E. 600). To the same effect see *Sweetman* v. *Owens,* 147 *Ga.* 436 (94 S. E. 542).

2. Applying the above stated principle of law to the allegations of the petition as amended, that the petitioner and the defendant were adjoining owners of described lots of land, that the defendant had cut a ditch extending onto the petitioner's land which caused the rainfall on the defendant's land to accumulate in a central ditch and be deposited on the land of the petitioner, and that the defendant thereby created a continuing nuisance and caused irreparable damage, and in which petition an injunction was prayed for, the court erred in sustaining the general demurrer that no cause of action was set forth.

*Judgment reversed. All the Justices concur.*

No. 16630. MAY 12, 1949.

*Harris & Harris,* for plaintiff.
*Maddox & Maddox,* for defendant.