## BUSH v. CITY OF GAINESVILLE.

No. 16846. November 16, 1949.

*W. Paul Carpenter* and *Kenyon, Kenyon & Gunter,* for plaintiff in error.

*William P. Whelchel,* and *Dunlap & Dunlap,* contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) The defendant demurred on the grounds: (1) The petition sets forth no cause of action; (2) it sets forth no sufficient legal or equitable grounds for the relief sought; (3) the petition shows on its face, (a) that the sole object thereof is to seek a mandatory injunction, (b) that it is purely and solely an effort on the part of the plaintiff to evict the defendant from the possession of land the right to which is in dispute between the defendant and another party, (c) that the plaintiff has an adequate remedy at law, (d) that there is a nonjoinder of parties, in that the bank is acting in concert with the city in trying to evict the defendant, and therefore the bank is a necessary party; (4) that specified allegations as to a nuisance should be stricken, because the plaintiff has an adequate remedy at law for the abatement of any alleged nuisance.

"An injunction is not available for the purpose of accomplishing an eviction, or to prevent interference with realty by one already in possession; and where an order granting an interlocutory injunction has this effect, the same will be set aside on proper exception to this court." *Cannon* v. *Montgomery,* 184 *Ga.* 588 (3) (192 S. E. 206). In *Braswell* v. *Palmer,* 191 *Ga.* 262 (4) (11 S. E. 2d, 889), this court held: "A mandatory injunction is not permissible in this State. The court erred in granting an interlocutory injunction the effect of which, by its general terms as well as its express language, restrained the defendants 'from remaining on said premises and from keeping his [their] goods on said premises, until further order of the court.' "

It was said in the opinion: "Exception is taken to the interlocutory injunction, on the ground that it is essentially mandatory. Our Code, § 55-110, provides that 'An injunction may only restrain; it may not compel a party to perform an act.' In *Goodrich* v. *Georgia Railroad &c. Co.*, 115 *Ga.* 340, 344 (41 S. E. 659), the court in construing this section said: 'Under our Code injunction can be used only to restrain. It does not necessarily follow, however, because injunction can be used only for this purpose, that it can not be used when the effect of yielding obedience thereto would incidentally require the performance of some act, if the main purpose of the injunction is to restrain the doing of some wrongful act. It seems to us that the true meaning of the section above quoted is, that the court can not issue a purely mandatory order, but that the court can grant an injunction the essential nature of which is to restrain, although in yielding obedience to the restraint the defendant may be incidentally required to perform some act.' While this construction militates against the literal universality of the words of the Code section, it was pointed out in the *Goodrich* case that in cases involving disputes as to the right to possession of land an injunction the effect of which would be to put the defendant out of and the plaintiff in possession would be mandatory, citing. . . Of course the possession referred to in the cases just cited means possession by occupancy, and does not refer to acts which injure the property or the use of it or intrude upon another's physical occupancy, but do not go to the extent of physical occupancy." In *Hapeville-Block Inc.* v. *Walker*, 204 *Ga.* 462 (50 S. E. 2d, 9), it was held: "Where, as in this case, the sole relief sought is the grant of an injunction mandatory in its nature, it is not error to sustain a general demurrer to the petition." Again in *Fender* v. *Hendley*, 195 *Ga.* 498 (1) (24 S. E. 2d, 654), it was held: "There being no allegation in the petition that the plaintiff is in possession of the land, but on the contrary the petition containing an averment that the defendant therein fails and refuses to yield possession to plaintiff, who is alleged to be the owner thereof, it was erroneous to enjoin the defendant from in any manner interfering with the possession of the plaintiff in and to the land in question, for the reason

that the injunctive order was mandatory in its nature, and not within the proper scope of the writ of injunction."

The only allegation of trespass with which the defendant is charged consisted in remaining in possession and occupying the space appropriated by the plaintiff for sidewalk purposes. No other act of intrusion by the defendant against the plaintiff was alleged. Under the above mentioned decisions, physical occupancy cannot be enjoined, but acts which injure property, the use of it, or intrude upon another's physical occupancy can be enjoined. The allegations in the present petition are that the defendant has had and now has physical occupancy of the premises in question, and that the plaintiff has not had and does not now have physical occupancy. Therefore it follows that the defendant could not have committed any act intruding upon the plaintiff's occupancy, which is subject to being enjoined. A different question would arise if the defendant had placed a building on a sidewalk already occupied and maintained by the plaintiff, because such obstruction would be an invasion of and intrusion upon property already occupied by plaintiff. But here the defendant and his building have occupied the premises for a number of years, and the plaintiff has never had possession of the premises. The petition alleges that the plaintiff widened the street and paved a sidewalk on the premises "with the exception of the space now occupied by the building occupied by the defendant." Obviously, where a plaintiff widens a street and in so doing constructs a sidewalk up to a building, and then seeks an injunction to restrain the blocking of said newly constructed sidewalk by the building, such injunction would have as its only purpose the eviction of the defendant and removal of the building so the sidewalk could be completed, and would therefore be a mandatory injunction.

In the cases relied on by the city to sustain its position against the defendant's demurrer, the plaintiff's possession or his right of enjoyment of an easement had been intruded upon by the defendant, and the main purpose of the injunction sought was to enjoin such intrusion. In such cases the trial court could enjoin the intrusion and in so doing could incidentally require the removal of a fence or other obstacle. The facts of those cases differ from the allegations in the petition in the instant

case, where the only act of trespass charged was the defendant's physical possession, which cannot be enjoined.

The allegations of the petition failed to state a cause of action for the injunctive relief sought, and the trial court erred in overruling the defendant's general grounds of demurrer. All further proceedings were nugatory.

*Judgment reversed. All the Justices concur.*