18975. ELLIS <em>et al.</em> v. CAMPBELL <em>et al.</em>

DUCKWORTH, Chief Justice. 1. While fully recognizing the rule that mandatory injunctions will not issue (Code § 55-110; *Thomas* v. *Hawkins*, 20 *Ga.* 126; *Georgia Pac. Ry.* v. *Town of Douglasville*, 75 *Ga.* 828; *Fisher* v. *Georgia Vitrified Brick & Clay Co.*, 121 *Ga.* 621, 49 S. E. 679; *Simmons* v. *Lindsay*, 144 *Ga.* 845, 88 S. E. 199), yet where, as here, a continuing injury could be stopped, although in stopping it the wrongdoer would be required to take affirmative action, the injury may be enjoined.

*Goodrich* v. *Georgia R. & Bkg. Co.,* 115 *Ga.* 340 (41 S. E. 659); *Oostanaula Mining Co.* v. *Miller,* 145 *Ga.* 90 (88 S. E. 562); *Sweetman* v. *Owens,* 147 *Ga.* 436 (94 S. E. 542); *Bush* v. *City of Gainesville,* 206 *Ga.* 182 (56 S. E. 2d 478).

2. That the recorded restriction, to the effect that only one house be erected upon each lot, was here violated by the placing of three houses upon one lot is undisputed. There is, therefore, no issue of fact upon this decisive point authorizing the exercise of discretion as in *Tift* v. *Farmers Bank of Tifton,* 210 *Ga.* 35 (77 S. E. 2d 505).

3. Nor was there laches or failure to act in due time sufficient to deny relief to the petitioner, in that over a period of thirty days three houses, already built, were hauled upon the lot. They can just as easily be hauled off as they were hauled upon the lot, and if that is necessary to stop the unlawful injury of the petitioner, it must be done.

*Judgment reversed. All the Justices concur.*

ARGUED JUNE 13, 1955—DECIDED JULY 11, 1955.

*Max R. McGlamry, Wm. A. Leonard,* for plaintiffs in error.
*J. Willard Register, Young, Hollis, Fort & Drake,* contra.