19859. DAVIDSON *v.* STATE HIGHWAY DEPARTMENT OF GEORGIA.

Mobley, Justice. The State Highway Department brought a petition against W. R. Davidson alleging the following facts: In 1931, the State Highway Board of Georgia acquired a tract of land in McDuffie County for right-of-way purposes. The defendant has constructed a building which encroaches nine feet upon said right-of-way. In the construction and improvement of said road, the State Highway Department obtained a commitment from an agency of the Federal government to share the cost thereof. To obtain said commitment the State Highway Department agreed to maintain and keep its right-of-way free of intrusions and encroachments. Because of the encroachment of the defendant's building the

Federal Government is withholding a sum of money under its commitment and unless the encroachment is removed the sum of money now being withheld will be lost and the State Highway Department will be required to refund a large sum of money previously paid in connection with this project. The defendant has been requested to remove the encroachment but has refused to do so. The defendant's building is alleged to constitute a continuing trespass, and the prayers are for an injunction to restrain the defendant from continuing such trespass upon the State road right-of-way, for damages for past acts of trespass, and for other relief. The defendant filed a general demurrer to the petition on the ground that no cause of action was alleged therein and that the petition sought to require him to perform an act and also filed certain special demurrers. The trial court overruled the demurrers, and the exception is to that judgment. *Held:*

1. "While fully recognizing the rule that mandatory injunctions will not issue (Code § 55-110; *Thomas* v. *Hawkins,* 20 *Ga.* 126; *Georgia Pac. Ry.* v. *Town of Douglasville,* 75 *Ga.* 828; *Fisher* v. *Georgia Vitrified Brick & Clay Co.,* 121 *Ga.* 621, 49 S. E. 679; *Simmons* v. *Lindsay,* 144 *Ga.* 845, 88 S. E. 199), yet where, as here, a continuing injury could be stopped, although in stopping it the wrongdoer would be required to take affirmative action, the injury may be enjoined. *Goodrich* v. *Georgia R. & Bkg. Co.,* 115 *Ga.* 340 (41 S. E. 659); *Oostanaula Mining Co.* v. *Miller,* 145 *Ga.* 90 (88 S. E. 562); *Sweetman* v. *Owens,* 147 *Ga.* 436 (94 S. E. 542); *Bush* v. *City of Gainesville,* 206 *Ga.* 182 (56 S. E. 2d 478)." *Ellis* v. *Campbell,* 211 *Ga.* 699 (1) (88 S. E. 2d 389). In *Goodrich* v. *Georgia R. & Bkg. Co.,* supra, it was held that, while, under the Civil Code, 1895, § 4922, now Code § 55-110, which reads: "An injunction may only restrain; it may not compel a party to perform an act," "It does not necessarily follow, however, because injunction can be used only for this purpose, that it can not be used when the effect of yielding obedience thereto would incidentally require the performance of some act, if the main purpose of the injunction is to restrain the doing of some wrongful act. It seems to us that the true meaning of the section above quoted is, that the court can not issue a purely mandatory order, but that the court can grant an injunction the essential nature of which is to restrain, although in yielding obedience to the restraint the defendant

may be incidentally required to perform some act." In the instant case the petition alleges that the defendant has constructed his building so that a part thereof extends upon the plaintiff's land and that this constitutes a continuing trespass. The prayers are "That the defendant be temporarily and permanently enjoined from the continuance of such trespass." Upon the principles stated in the above-cited cases the trial court did not err in holding that the petition stated a cause of action to enjoin the continuing trespass upon the petitioner's land. Properly construed the petition does not seek primarily to require the defendant to perform an act, but the main purpose of the relief sought is to restrain the defendant from maintaining a continuing injury upon the petitioner's land, although in rendering obedience to a restraining order he may be incidentally required to perform some act.

2. The petition not having alleged any amount as damages, or any basis upon which damages could be determined, or that any damages had actually been incurred, it was error for the trial court to overrule the defendant's special demurrer to paragraph (d) of the prayers wherein it was prayed "for such other and further relief, including damages for past trespasses, as may seem appropriate herein." The other special demurrers are without merit.

3. The trial court properly overruled the general demurrer to the petition but erred in overruling special demurrer numbered 6, as ruled above.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

SUBMITTED SEPTEMBER 12, 1957—DECIDED OCTOBER 15, 1957.

*Stevens & Stevens,* for plaintiff in error.

*Eugene Cook, Attorney-General, Paul Miller, E. J. Summerour, Assistant Attorneys-General, Ariel V. Conlin, John L. Jernigan, Deputy Assistant Attorney-General,* contra.