22448.   HOLLAND v. SHACKELFORD.

Argued April 14, 1964—Decided June 1, 1964—
Rehearing denied June 15, 1964.

*Guy B. Scott, Jr., James E. Hudson,* for plaintiff in error.

QUILLIAN, Justice. This case is one in which the plaintiff seeks injunctive relief and punitive damages against the defendant for an alleged continuing trespass. The trespass, according to the averments of the petition, consisted of the defendant repeatedly constructing fences across a lot designated in the petition as Lot 1 of Block F in Pine Forest Subdivision and a public street abutting on the aforesaid lot to which the petition refers as Pine Forest Drive, thereby interfering with the plaintiff's use of the lot and her free access to and use of the street.

■ The initial question for decision in passing upon the sufficiency of the petition is whether it shows the plaintiff's title to the lot or right of access to the street. The petition relates that in 1960 the plaintiff and Associate Builders, Inc., the corporation of which the defendant is the president and a stockholder, were coterminous owners of lands fronting on the south side of Old Mitchell Bridge Road in Clarke County; that they held title to their respective tracts of land under deeds from different grantors; that the description of the lands each of their deeds purported to convey embraced a part of the lands described in the deed of the other. The parties were both in the process of developing their lands into residential subdivisions, the plaintiff's to be known as Pine Forest and the corporation's to be known as Forest Heights. In this situation they entered into a comprehensive parol agreement which, succinctly stated, was as follows: the plaintiff and the corporation agreed to employ two surveyors to lay out their respective subdivisions in conformity with the rules of the Federal Housing Administration; the plan agreed upon provided that a 100 foot wide drive be constructed south from Old Mitchell Bridge Road 300 feet through the parties' lands to serve as a common entrance to both subdivisions, and that this driveway was to be constructed at the joint expense of the parties; that there was at the end of the driveway to be constructed by the plaintiff a driveway 50 feet wide through Pine Forest Subdivision known as Pine Forest Drive and the corporation was to build a drive to be known as Ferncliff Drive through its subdivision, Forest Heights, so that the two driveways would form an intersection of the 100 foot driveway and lead from one of the subdivisions to the other.

The agreement was that regardless of the location of the dividing line between the plaintiff's tract of land and that of the corporation the lots and street shown on the surveyor's plat as comprising Lot 1 of Block F would be the property of the plaintiff and the lots and street shown in the surveyors' plat as Forest Heights would be that of the corporation.

The plaintiff contends the rule applicable to the case as made by the petition is: "Where a dividing line between coterminous

owners is indefinite, unascertained, or disputed, the owners may by parol agreement duly executed establish the line, which line will control their deeds, notwithstanding the statute of frauds." *Oliver v. Daniel,* 202 Ga. 149 (1) (42 SE2d 363) ; *Hart v. Carter,* 150 Ga. 289, 290 (103 SE 457) ; *Robertson v. Abernathy,* 192 Ga. 694, 697 (16 SE2d 584) ; *Crawford v. Cook,* 204 Ga. 654 (1) (51 SE2d 422).

The defendant insists the petition fell short of showing the parol agreement had the legal effect of establishing the boundary between the plaintiff and the corporation because it was not alleged the line was disputed, and that the parol contract constituted a mere exchange or swap of land. He cites as authority *Taylor v. Board of Trustees &c.,* 185 Ga. 61 (2) (194 SE 169) and *Smith v. Lanier,* 199 Ga. 255 (34 SE2d 91). The cases cited were decided upon the principle that the only consideration for a parol contract establishing a boundary line between coterminous landowners is the settlement of a disputed, or uncertain and undetermined line between the owners, and where no uncertainty of the line existed there was no consideration for an agreement of that nature, hence the agreement is invalid.

We think that the allegation that the discrepancy and overlapping of the deeds existed when the oral agreement was entered into defining the boundary between the coterminous landowners' tract in effect does allege the line was uncertain and undetermined at the time. In this connection see *Collins v. Burchfield,* 215 Ga. 322 (110 SE2d 368), where it was held that the vagueness of descriptions in deeds created an uncertainty as to the location of a boundary line as might be settled by a parol agreement between coterminous landowners.

However, whether the parol agreement be considered as one fixing a land line or an oral exchange of land it appears to be a valid contract under which the plaintiff has the right of possession and title to Lot 1, Block F of Pine Forest Subdivision.

The parol contract as set out in the petition did not have as its sole consideration the location of a boundary line, but was made upon other very ample consideration. The petition expressly alleges the oral contract was fully performed; that both parties went into possession of the respective subdivisions shown

by their plats and each made valuable improvements; that the corporation conveyed part of its property, Ferncliff Drive, to the County of Clarke and the plaintiff conveyed a part of her property, Pine Forest Drive, to the City of Athens. Thus, if there was a parol exchange or swap of land it was consummated so as to come within the exception to the statute of frauds relating to parol contracts. "The statute of frauds does not apply to a contract for sale of land, which has been fully executed. *Code* § 20-402 (1); *Varnell v. Varnell*, 156 Ga. 853 (120 SE 319)." *Duggar v. Quarterman*, 191 Ga. 314, 317 (12 SE2d 302). *Oliver v. Powell*, 114 Ga. 592 (6) (40 SE 826); *Smith v. Smith*, 133 Ga. 170 (6) (65 SE 414).

Moreover, "while a contract involving any interest in land must be in writing to bind the parties (*Code* § 20-401 (4)), this provision does not extend to cases where 'there has been such part performance of the contract as would render it a fraud of the party refusing to comply, if the court did not compel a performance.' *Code* § 20-402 (3)." *Kinney v. Youngblood*, 216 Ga. 354, 355 (1) (116 SE2d 608). According to numerous pronouncements of this court the rule is applicable to the facts alleged in the petition. *Flagg v. Hitchcock*, 143 Ga. 379 (2) (85 SE 125); *Neely v. Sheppard*, 185 Ga. 771, 775 (196 SE 452); *Harris v. Underwood*, 208 Ga. 247, 249 (66 SE2d 332). Thus, the petition shows title in the plaintiff to the lot and right of access and use of the street upon which the defendant is alleged to have committed the continuing trespass.

■ The petition relates the defendant willfully and maliciously went upon Lot 1, Block F of Pine Forest Subdivision and constructed a fence across part of the same and extending across Pine Forest Drive approximately 30 feet south of its intersection with Ferncliff Drive so as to interfere with the plaintiff's use of the lot and the drive; that the plaintiff removed the fence only to have the defendant rebuild it in the same place as before. This court held in *Dumus v. Renfroe*, 220 Ga. 33, 34: " 'By a continuing nuisance is not meant a constant and unceasing nuisance, but a nuisance which occurs so often that it can fairly be said to be continuing, although not constant or unceasing. *Central of Ga. R. v. Americus Construction Co.*, 133 Ga. 392, 398 (65 SE

855) ; *Rinzler v. Folsom,* 209 Ga. 549, 552 (74 SE2d 661).' *Gordon County Broadcasting Co. v. Chitwood,* 211 Ga. 544 (2) (87 SE2d 78)."

"Owners of property which abuts a public road have the right to the use and enjoyment of such road in common with all other members of the public, as well as other rights such as ingress and egress which do not belong to the public generally." *Southern R. Co. v. Wages,* 203 Ga. 502 (3) (47 SE2d 501). " 'A highway is a way open to all the people.' *Southern R. Co. v. Combs,* 124 Ga. 1004 (53 SE 508). This court has adopted this definition of the terms: 'A highway is a public way open and free to any one who has occasion to pass along it on foot or with any kind of vehicle.' *A. & W. P. R. Co. v. A., B. & A. R. Co.,* 125 Ga. 529, 545 (54 SE 736). 'A street is a highway in a city or town, used by the public for the purpose of travel, either by means of vehicles, or on foot.' Id. Streets and public places belong to the general as well as the local public. *Simon v. City of Atlanta,* 67 Ga. 618 (44 AR 739)." *Schlesinger v. City of Atlanta,* 161 Ga. 148, 159 (129 SE 861). A landowner whose property abuts upon a highway may "maintain a suit in equity to enjoin further interference with his means of egress to and ingress from the pub-.lic highway, when such interference amounts to a continuing nuisance or trespass, and where an injunction would prevent a multiplicity of suits." *Barham v. Grant,* 185 Ga. 601, 606 (8) (196 SE 43), and cases cited.

The defendant, plaintiff in error here, contends that since the function of an injunction is to restrain, not compel, and this court is committed to the doctrine that a purely mandatory injunction will not be granted, and that compliance with the injunction in the present case would compel the plaintiff to remove the fence, the trial judge erred in overruling the demurrer which challenges the sufficiency of the petition to set forth a cause for injunction.

"While fully recognizing the rule that mandatory injunctions will not issue . . . yet where, as here, a continuing injury could be stopped, although in stopping it the wrongdoer would be required to take affirmative action, the injury may be enjoined." *Ellis v. Campbell,* 211 Ga. 699 (1) (88 SE2d 389).

Similar rulings are found in *Davidson v. State Hwy. Dept.*, 213 Ga. 599, 600 (100 SE2d 439); *Hancock v. Moriarity*, 215 Ga. 274, 276 (110 SE2d 403); *Collins v. Burchfield*, 215 Ga. 322, 323, supra. In the *Davidson* case a part of a building would have to be torn down and in the *Ellis* case it was necessary to remove houses from described premises.

The petition sets forth a clear case of wilful and continuous trespass committed by the defendant in repeatedly constructing fences upon the plaintiff's Lot 1 in Block F and upon Pine Forest Drive so as to materially interfere with her possession and use of the lot and of the public street adjacent to the lot.

■ The petition is sufficient as against a general demurrer to set forth a cause of action for a continuing trespass and the plaintiff's right of punitive damages by reason of the defendant's commission of such trespass. "One whose means of egress from and ingress to his property abutting on a public highway is illegally and unnecessarily interfered with by the placing of obstructions in and the plowing up of the portion of such way lying in the highway by another, not the public authority charged with the duty of maintaining and keeping in repair such highway, suffers a special injury and may maintain an action for damages therefor against the wrong-doer, his injury being different from that suffered by the public at large, although such obstruction and interference may also constitute a public nuisance. *Brunswick & Western R. Co. v. Hardey*, 112 Ga. 604 (3) (37 SE 888, 52 LRA 396); 13 RCL 231, § 195. See *Code* §§ 72-103, 105-1401, 105-1410. According to the particular case, the damages may be depreciation in market value, if the obstruction is a permanent one (*Atkinson v. Kreis*, 140 Ga. 52 (2), 78 SE 465); and the damage may be that to business and loss of profits. *Brunswick & Western R. Co. v. Hardey*, supra. See notes in 25 Am. R. 534; 18 LRA 154; 47 LRA (NS) 821; 12 Ann. Cas. 25. Punitive damages may be recovered where the circumstances are such as to justify the allowance thereof. *Code* § 105-2002; Tutwiler Coal &c. Co. v. Nail, 141 Ala. 374 (37 S 634, AC 1914C, 1135)." *Barham v. Grant*, 185 Ga. 601, 605 (7), supra.

The defendant contends that the petition discloses there was a dispute between the corporation and the plaintiff as to the

title of Lot 1, Block F at the time the alleged trespass was committed and that the defendant erected the fence across the lot and in the street in good faith, incidental to the assertion of such right on the part of the corporation. There is nothing in the petition to indicate any dispute as to the title of Lot 1, Block F upon which the trespass was alleged to have been committed existed, or that the defendant was at the time asserting any right or title on behalf of himself or anyone else.

The trial judge did not err in overruling the demurrers to the petition.

*Judgment affirmed. All the Justices concur.*