22711.   TURNER et al. v. STANDARD OIL COMPANY, INC., OF KENTUCKY.

ARGUED NOVEMBER 9, 1964—DECIDED JANUARY 7, 1965.

*Ray, Owens, Keil & Hirsch*, for plaintiffs in error.
*John G. Cozart*, contra.

ALMAND, Justice. Error is assigned on an order sustaining a general demurrer to a petition seeking to enjoin the defendants from the alleged violation of a restrictive covenant in a deed in which the plaintiffs were the grantors and one defendant was the grantee, and the other a lessee of the grantee.

The plaintiffs, Hooper A. Turner and others, brought their action against Harold L. White and Standard Oil Company of Kentucky. The petition alleged: that the petitioners were the owners of the "Oakland Park Shopping Center"; that in October 1954 they conveyed, by warranty deed, a described tract of land to White, the warranty deed containing the following covenant: "The above described parcel of land is hereby conveyed subject to the condition, covenant and restriction that no building shall be erected on the land hereby conveyed nearer than one hundred two (102) feet from Lumpkin Road, and that this restriction is made a covenant running with the land and shall be enforceable against the grantee and subsequent owners of any part of that part of Oakland Park Subdivision which is shown and designated as 'Shopping Center' on the recorded plat of said subdivision"; that White leased the property described in the deed to the defendant, Standard Oil Company, who "is erecting a shed or marquee extending from the present building and building line a distance of 49 feet into the restricted area. As a part of said construction defendant has prepared concrete footings and has set two steel supporting posts of approximately ten inches in diameter to support a roof eighteen feet in width and 49 feet in depth. That above the roof there is an extension apparently for the purpose of installing some form of sign, all of said addition being located nearer than one hundred and two feet from Lumpkin Road in violation

of the restrictive covenant aforesaid and encroaching approximately fifty feet on the property. That defendants' structure is composed of certain prefabricated items, precut and pre-shaped, shipped to the premises for the purpose of being bolted together on the job. That, in fact, the roof thereof is attached to the building by bolting same to a six (6) inch channel beam extending across the front of the building the width of the roof. The channel beam itself is bolted through the building wall by the use of a long rod, at each end of which is a washer and a nut. The beams supporting the roof structure are bolted to the face of the building by connecting same to the channel iron and angle iron supports at the corners. That said structure or shed is capable of being removed or unbolted in the same manner as it was erected, and that the steel posts supporting said roof can be uprooted from the concrete or cut off at the concrete level even with the ground without damage to the original building or property. That said structure, as erected and as it projects into the restricted area, cuts off the view of other property owned by plaintiffs, both to the north and to the south of the building involved herein, harming and decreasing the business and income of the tenants and lessees of plaintiffs' other store buildings and, so long as said encroachment is allowed to remain or said violation allowed to continue, will continue to do so as in an amount impossible to compute. Further plaintiffs show that said shed or structure is illuminated at night by bright lights of such intensity that persons approaching are unable to view across the restricted area, thereby cutting off the sight of the properties to the north or to the south of the violating structure, depending on which side one is looking at it"; that during the early stages of such construction the plaintiffs notified the defendant company that the erection of the shed or marquee violated the covenant "but said request and warning was ignored and nothing was done in effect, but defendant wilfully proceeded to commence construction." The prayers of the petition were that "a temporary and permanent injunction be issued restraining and enjoining the defendants or any of the grantees under them from completing and maintaining said encumbrances and from violating the aforemen-

tioned restrictive covenant, and for an order forbidding defendants' completion of said structure and requiring defendants to cease and desist from a continuing violation of said restrictive covenant by allowing said structure to remain on said premises."

The record shows service only on Standard Oil Company of Kentucky who demurred generally to the amended petition on the grounds (a) the petition seeks to enjoin an act which has been completed prior to the filing of the petition and (b) the relief sought, if granted, would be mandatory in character.

After a hearing the court entered an order (a) denying an interlocutory injunction and (b) sustaining the general demurrers of Standard Oil of Kentucky and dismissing the case. The only assignment of error is on the order sustaining the general demurrer.

■ The defendant in error moved to dismiss the writ of error because (a) the same was not certified within 30 days from the date of the judgment as required by *Code Ann.* § 6-902 and (b) failure to show service of the bill of exceptions after certification. The order on which error is assigned is dated July 30, 1964. An order of the court dated September 11, 1964, recites that the bill of exceptions was tendered on August 26, 1964, and returned to the plaintiff in error for correction, and counsel for the parties were given notice that a hearing would be had on September 14, 1964, on the question of why the retendered bill of exceptions should not be certified. The record shows two unconditional certifications of the bill—one on September 11, 1964, with acknowledgement of service by counsel for the defendant in error and one on September 14, 1964, with personal service on counsel. Thus rectification of the factual record shows that the bill of exceptions was tendered within the time provided by law and that the failure of the trial judge to certify within the 30 day period was not due to the fault of counsel for plaintiff in error and that service was properly made on the defendant in error. The motion to dismiss is denied.

■ The petition alleges that the defendant is in the process of constructing a shed or marquee attached to and extending from the present building a distance of 49 feet into the area alleged to be covered by the restrictive covenant which pro-

vides that "no building shall be erected on the land conveyed nearer than 102 feet from Lumpkin Road." .

The defendant in error contends that the erecting and attaching to the present structure on the premises of a shed, or marquee, or canopy, strictly construing the covenant, is not violative of the same. In other words, it is asserted that a shed or marquee is not a building within the meaning of the covenant.

In *Randall v. Atlanta Advertising Service*, 159 Ga. 217 (125 SE 462) and *Barber v. Winter*, 208 Ga. 712 (69 SE2d 249) this court quoted with approval the definition of the word "building" from "Berry on Restrictions on Use of Real Property," p. 98, § 63, where it is said: "A building is defined to be a structure in the nature of a house built where it is to stand; as commonly understood, a house for business, residence, or public use, or for shelter of animals or storage of goods, and very generally, but not always, the idea of a habitation for the permanent use of man, or an erection connected with his permanent use, is implied in the word 'building.' 1 Words & Phrases 889."

In Reardon v. Murphy (Mass.) 40 NE 854, it was held that a "piazza" covered by its own roof attached to the front of a house, the front line of which was 20 feet from the street, is a building within the terms of the restriction that no building should be placed at a distance less than 20 feet from the street. In Buck v. Adams, 45 N.J.E. 552 (17 A 961) it was held that a "pavilion" raised about 18 feet above the ground, consisting of a frame structure, open on all sides, with a roof at an angle of 30 degrees was a violation of a restriction providing that buildings were not be erected within a certain number of feet of the front line of the premises.

The petition asserts that the defendant, in the process of constructing the present structure, attached thereto a shed or marquee 18 feet wide and 49 feet in depth, with concrete foundations and steel posts to support a roof. Whether it be known as a shed or marquee, as designated by the plaintiff, or a canopy to protect working personnel and customers, as designated by the defendant, we are of the opinion that it would constitute a "building" within the meaning of that word in the restrictive

clause of the deed. See also Bagnall v. Davies, (Mass.) 2 NE 786; Evans v. Riddle, (N.J.) 43 A 894; Hanna v. Nowell, (Mo.) 330 SW2d 595; and McGalliard v. Chapman, 3 N.J.M. 609 (129 A 256). See also annotations in 52 LRA (NS) 105 and 55 ALR 333.

■ We do not agree with the defendants' contention that the petitioners seek a mandatory injunction which is prohibited by *Code* § 55-110. Properly construed, all the relief that petitioners seek is to enjoin the defendants from violating the restrictive clause of the deed by the erection and maintenance of the marquee, shed, or pavilion. Compare *Davidson v. State Hwy. Dept.*, 213 Ga. 599 (100 SE2d 439), and *Ellis v. Campbell*, 211 Ga. 699 (1) (88 SE2d 389).

■ While this court has held that injunctions will not be granted to restrain completed acts such as a completed bridge by public authorities, *Georgia Pacific R. v. Mayor &c. of Douglasville*, 75 Ga. 828; or a completed judicial sale of property, *Shurley v. Black*, 156 Ga. 683 (119 SE 618); or establishment of a cemetery prior to the institution of the suit, *Scott v. Sherwood Memorial Gardens*, 214 Ga. 25 (102 SE2d 556), it has been held in many cases that where the completed act or acts amount to a continuing trespass or a continuing nuisance or a continuing violation of the property rights of the plaintiff, the court, in consideration of the equities of the parties, may grant an injunction restraining the defendant from a continuing violation of the rights of the plaintiff, such as enjoining an upper riparian owner from obstructing the flow of water, a completed act, by raising the height of a dam to the injury of a lower riparian owner, *Peebles v. Perkins*, 165 Ga. 159 (6) (140 SE 360), or the right of a property owner to enjoin the defendant from obstructing a private way after completion of the obstruction, *Aspinwall v. Enterprise Development Co.*, 165 Ga. 83 (4) (140 SE 67), or the right to injunctive relief against a defendant violating a restrictive covenant as to building only one house on a lot after the defendant had moved three houses on the lot, *Ellis v. Campbell*, 211 Ga. 699, supra, and the right of the State Highway Department to enjoin the defendant from maintaining a house on the right of way after the house had been built, *Davidson v. State Hwy. Dept.*, 213 Ga. 599, supra.

In this case we are reviewing the order sustaining the general demurrer. We hold that the petition stated sufficient facts, if proven, to authorize the court to grant an injunction. *Code* § 55-108; *Everett v. Tabor,* 119 Ga. 128 (4, 5) (46 SE 72); *Jones v. Lanier Development Co.,* 188 Ga. 141, 145 (2 SE2d 923).

*Judgment reversed. All the Justices concur.*