## 24228. MOSLEY v. FOSTER.

UNDERCOFLER, Justice. Louise Mosley brought this action against Eddie Lee Foster and alleged the following facts: The parties are adjacent landowners; the plaintiff had located on her property a rock and concrete retaining wall 24 inches wide and 6-8 feet deep running along the entire length of her boundary line with the defendant; in October, 1963, the defendant maliciously removed a described 30 feet of said retaining wall and constructed thereon a store building which is 5.4 inches over the boundary line and to that extent is located on the plaintiff's property; the plaintiff has demanded that the defendant remove his store building from her said premises but he has refused to do so; the acts of the defendant in building and maintaining his said store building upon said land of the plaintiff is a continuous trespass. The plaintiff prays for process, rule nisi, ejectment, for judgment in the sum of $10,000 for general damages and $10,000 punitive damages, and that the defendant be temporarily restrained and permanently enjoined from occupying the said land of the plaintiff with his building. A general demurrer to the petition was sustained and from that judgment the plaintiff appeals. *Held:*

"While fully recognizing the rule that mandatory injunctions will not issue (Code § 55-110; *Thomas v. Hawkins*, 20 Ga. 126; *Georgia Pac. R. v. Town of Douglasville*, 75 Ga. 828; *Fisher v. Georgia Vitrified Brick & Clay Co.*, 121 Ga. 621 (49 SE 679); *Simmons v. Lindsay*, 144 Ga. 845 (88 SE 199)), yet where, as here, a continuing injury could be stopped, although in stopping it the wrongdoer would be required to take affirmative action, the injury may be enjoined. *Goodrich v. Georgia R. & Bkg. Co.*, 115 Ga. 340 (41 SE 659); *Oostanaula Mining Co. v. Miller*, 145 Ga. 90 (88 SE 562); *Sweetman v. Owens*, 147 Ga. 436 (94 SE 542); *Bush v. City of Gainesville*, 206 Ga. 182 (56 SE2d 478)." *Ellis v. Campbell*, 211 Ga. 699 (1) (88 SE2d 389). In *Goodrich v. Georgia R. & Bkg. Co.*, 115 Ga. 340, supra, at p. 344, it was held that, while under the Civil Code, 1895, § 4922, now Code § 55-110, which reads: "An injunction may only restrain; it may not compel a party to perform an act," "It does not necessarily follow, however, because injunction can be used only for this purpose, that it can not be used when the effect of yielding obedience thereto would incidentally require the performance of some act, if the

main purpose of the injunction is to restrain the doing of some wrongful act. It seems to us that the true meaning of the section above quoted is, that the court can not issue a purely mandatory order, but that the court can grant an injunction the essential nature of which is to restrain, although in yielding obedience to the restraint the defendant may be incidentally required to perform some act."

Properly construed, this petition does not seek primarily to require the defendant to perform an act, but the main purpose of the relief sought is to restrain the defendant from maintaining a continuing trespass upon the petitioner's land, although in rendering obedience to the restraining order, he may be incidentally required to perform some act. *Davidson v. State Hwy. Dept.*, 213 Ga. 599 (1) (100 SE2d 439); *Waller v. State Hwy. Dept.*, 218 Ga. 605 (3) (129 SE2d 772); and *Turner v. Standard Oil Co. of Ky.*, 220 Ga. 498 (4) (140 SE2d 208).

Upon the principles stated in the above cited cases, the trial judge erred in sustaining the general demurrer to the petition.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 14, 1967—DECIDED SEPTEMBER 21, 1967.

*David Krasner, Saul Blau*, for appellant.

*Fine & Rolader, Joseph J. Fine, D. W. Rolader, A. J. Block*, for appellee.