### 24289. STEPHENS et al. v. STATE HIGHWAY DEPARTMENT.

FRANKUM, Justice. 1. The main question presented by the appeal in this case is whether the trial judge erred in granting an interlocutory injunction in favor of the plaintiffs, the State Highway Department and Bibb County, which injunction, because of the nature of the acts sought to be enjoined, would have required the defendants, in yielding obedience to the restraint thereof, to perform the affirmative act of demolishing a portion of the building in question which the plaintiffs alleged encroached upon the right of way of a state highway by less than one foot. See *Ellis v. Campbell*, 211 Ga. 699 (1) (88 SE2d 389); *Davidson v. State Hwy. Dept.*, 213 Ga. 599, 600 (1) (100 SE2d 439); *Holland v. Shackelford*, 220 Ga. 104, 111 (2) (137 SE2d 298); and *Turner v. Standard Oil Co.*, 220 Ga. 498, 503 (4) (140 SE2d 208) and citations. Upon a hearing for an interlocutory injunction, if the evidence "for the complainant is strong, and that for the defendant weak, or even if it be in practical equipoise, the injunction should be granted or refused according to the peculiar circumstances of the particular case. There should be a balance of conveniences, and a consideration whether greater harm might result from refusing than from granting the relief prayed for. If the grant of an injunction in such a case would operate oppressively to the defendant, the restraining order should be refused; but if it appears that if the injunction were denied the complainant would be practically remediless in the event he should thereafter establish the truth of his contention, it would be strong reason why interlocutory relief should be

granted. The delay to one party would not counter-balance the irreparable injury which might flow to the other, if the chancellor made a mistake in passing on the disputed issue of fact. Under such circumstances it would generally be a wise exercise of discretion to preserve the right by preserving the status." *Everett v. Tabor*, 119 Ga. 128, 130 (46 SE 72). See *Jones v. Lanier Development Co.*, 188 Ga. 141, 145 (2 SE2d 923); *Ballard v. Waites*, 194 Ga. 427, 429 (3) (21 SE2d 848); and *Maddox v. Willis*, 205 Ga. 596 (5) (54 SE2d 632), where the foregoing rule has been applied to various factual situations.

Upon application of the above principle, it is clear that the judge of the superior court should not have granted the interlocutory injunction in this case for, in obeying it, the defendants would be required to demolish a portion of a substantial and permanently constructed building, thus needlessly incurring considerable expense and inconvenience, if upon a jury trial of the disputed fact of encroachment or non-encroachment the verdict should be for the defendants, and it is equally clear that no great irreparable injury to the plaintiffs would result from delaying the issuance of an injunction until that fact could be decided by a jury. Under the peculiar circumstances of this case, in order to preserve the status quo, the interlocutory injunction sought by the plaintiffs should have been refused, and the trial judge abused his discretion in granting it. That the trial judge recognized the doubtful ground upon which his order stood is shown by the fact that, contemporaneously with the grant of the temporary injunction, he superseded that order until its propriety could be determined by this court. See *Thomas v. Hawkins*, 20 Ga. 126; *Ga. Pac. R. v. Town of Douglasville*, 75 Ga. 828; *Brown v. Atlantic & B. R. Co.*, 126 Ga. 248, 259 (5) (55 SE 24, 7 AC 1026); *Rudolph Wurlitzer Co. v. Jackson*, 134 Ga. 333 (67 SE 879); *Burns v. Hale*, 162 Ga. 336 (2) (133 SE 857), and *Bond v. Harrison*, 176 Ga. 568 (2) (168 SE 604).

2. The defendants, by cross petition, sought an injunction to prevent the plaintiffs from constructing curbing along the median of the highway in question and adjacent to the shoulder or edge of the traveled portion thereof and in front of the defendants' premises so as to obstruct their rights to ingress to and egress from their property. The trial judge refused to grant their prayers for such an injunction and that

order is assigned as error in appellants' enumeration of errors. The evidence showed that the plaintiffs proposed to leave the defendant at least two fifty-foot entrances on the front of their property as a means of access thereto. The trial judge found that this provided the defendants with a reasonably convenient access to their property and it cannot be said that he abused his discretion in making this finding and in refusing to grant a temporary injunction against the erection of curbing along the roadway in front of the defendants' property.

*Judgment reversed in part; affirmed in part. All the Justices concur.*

ARGUED SEPTEMBER 13, 1967—DECIDED OCTOBER 20, 1967.

*George L. Jackson,* for appellants.

*T. Reese Watkins, Arthur K. Bolton, Attorney General, Richard L. Chambers, Assistant Attorney General,* for appellee.