### 26259. CASON et al. v. UPSON COUNTY BOARD OF HEALTH.

HAWES, Justice. The appeal here is from an order granting a temporary injunction in an action brought by the Upson County Board of Health under the provisions of Chapter 88-3 of the Georgia Health Code (Ga. L. 1964, p. 499 et seq; *Code Ann. Ch.* 88-3, sp. § 88-302) against Thomas H. Cason, David H. Cason, and Lucinda C. Marder. Plaintiff sought to enjoin the defendants from creating a nuisance and a condition deleterious to the public health, safety and comfort of some 1,600 residents occupying more than 400 homes in Lincoln Park, a thickly settled area of Upson County. Defendants for 34 years have operated a water system serving the area in question, but shortly before the commencement of this action had announced their intention to discontinue such service. The trial court, in the order appealed from, enjoined the defendants "from creating said public nuisance and conditions deleterious and injurious to the public health, safety and comfort and from ceasing to operate said water system in said Lincoln Park area." The notice of appeal recites that nothing is to be omitted from the record on appeal and that the transcript of evidence and proceedings will not be filed for inclusion in the record on appeal.

1. In the first ground of their enumeration of errors the appellants

contend that the court erred in granting a mandatory injunction. The order granting the injunction, the material portions of which we have quoted above, was not mandatory. Although the order may require the defendants to perform some act in order to continue to furnish water service to their customers who have heretofore been receiving water from them, "nevertheless by its terms the order does not give mandatory direction." *City of Atlanta v. Williams*, 218 Ga. 379, 381 (128 SE2d 41). The order appealed from simply enjoined the defendants from creating the public nuisance complained of in the complaint and from creating conditions deleterious and injurious to the public health, safety and comfort and from ceasing to operate said water system in said Lincoln Park area. It is obvious that the main purpose of the complaint in this case is to restrain the defendants from creating a nuisance. As was said in *Goodrich v. Ga. R. & Bkg. Co.*, 115 Ga. 340, 344 (41 SE 659), "It does not necessarily follow, however, because injunction can be used only for this purpose, that it cannot be used when the effect of yielding obedience thereto would incidentally require the performance of some act, if the main purpose of the injunction is to restrain the doing of some wrongful act. It seems to us that the true meaning of the section above quoted [now *Code* § 55-110] is, that the court cannot issue a purely mandatory order, but that the court can grant an injunction the essential nature of which is to restrain, although in yielding obedience to the restraint the defendant may be incidentally required to perform some act." As was further noted in that case, under no other theory can the case of *City of Atlanta v. Warnock*, 91 Ga. 210 (18 SE 135, 23 LRA 301, 44 ASR 17) be sustained. In the latter case, the city was enjoined from continuing to maintain manholes in a system of sewers in the street abutting plaintiff's property in such a condition as to allow the escape of noxious gases, it appearing that in order for the city to abide by the injunction it would necessarily have to perform the affirmative act of removing two manhole covers containing perforations and replacing them with solid covers. For other cases applying these principles, see *Merchants &c. Transportation Co. v. Granger & Lewis*, 132 Ga. 167, 171 (63 SE 700); *Mackenzie v. Minis*, 132 Ga.

323 (7, 8) (63 SE 900, 23 LRA (NS) 1003, 16 AC 723); *Ellis v. Campbell*, 211 Ga. 699 (88 SE2d 389); *Davidson v. State Hwy. Dept.*, 213 Ga. 599 (1) (100 SE2d 439); *Holland v. Shackelford*, 220 Ga. 104, 111 (137 SE2d 298); *Stephens v. State Hwy. Dept.*, 223 Ga. 713 (157 SE2d 751). Injunctions of this nature have frequently been employed to restrain the creation of, or the continuance of, a nuisance. *City of Atlanta v. Warnock*, supra; *Town of Rentz v. Roach*, 154 Ga. 491 (8) (115 SE 94); *Lankford v. Simms*, 205 Ga. 349 (53 SE2d 369); *Rinzler v. Folsom*, 209 Ga. 549, 553 (74 SE2d 661). This was the purpose of this proceeding. Under the terms of Chapter 88-3 of the Georgia Health Code (Ga. L. 1964, pp. 499, 518 et seq.) local county boards of health are expressly authorized to use the injunctive process to prevent the creation of or the maintenance of a nuisance endangering the public health.

In making this ruling, we are not unmindful that *Code* § 55-110 relating to mandatory injunctions was expressly repealed by the Act approved March 30, 1967 (Ga. L. 1967, pp. 226, 244) amending the Georgia Civil Practice Act of 1966. It is not necessary for us to decide at this time whether the repeal of that Code section could have the effect of changing the essential nature of injunctions because the order in this case is not a mandatory injunction.

2. Grounds 2 and 3 of the enumeration of errors contend that the court erred in granting an injunction "absent evidence of an existing public nuisance" and that the court erred in granting an injunction which had the effect of taking for public purposes property of appellants without just and adequate compensation. A proper resolution of these questions requires reference to the evidence. The appellants, as shown in the statement of facts, have deliberately omitted from the record transmitted to this court the transcript of the evidence. It is the duty of the appellants to have the transcript prepared and filed for inclusion in the record transmitted to this court if it is needed for a decision here. In the absence of a transcript we must assume that the evidence authorized the judgment in regard to these questions. See *Graham v. Haley*, 224 Ga. 498 (162 SE2d 346).

*Judgment affirmed. All the Justices concur.*

454

*Carlisle & Johnson, John R. Carlisle,* for appellants.
*Adams & Barfield, Ronald Barfield,* for appellee.